J-S32030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
EDDY R. BAEZ-ROSARIO :
:
Appellant : No. 1059 MDA 2024

Appeal from the Judgment of Sentence Entered June 26, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004213-2023

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED: NOVEMBER 5, 2025**

Eddy R. Baez-Rosario appeals *pro se* from the judgment of sentence of nine months to five years of imprisonment after a jury convicted him of driving under the influence and evading arrest.[1] We affirm.

In the early morning hours of August 26, 2023, Baez-Rosario drove his car through Reading while intoxicated. He wrecked into two parked vehicles. When law enforcement arrived, Baez-Rosario attempted to flee on foot. Police pursued and arrested him. A jury convicted Baez-Rosario, and the trial court sentenced him as described above. This timely appeal followed.

The trial court ordered Baez-Rosario to comply with Pennsylvania Rule of Appellate Procedure 1925(b). **See** 8/20/24 T.C.O. at 1. The Order warned Baez-Rosario that this Court would deem waived any issues not raised in his

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 5104.2(a) and 75 Pa.C.S.A. § 3802(a)(1).

1925(b) statement. **See id.** (citing Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.")).

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." **Trigg v. Children's Hospital of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020).

On August 26, 2024, Baez-Rosario filed a counseled 1925(b) statement. The statement identified one claim of error: "Whether the Commonwealth failed to establish sufficient evidence to prove beyond a reasonable doubt the crime of driving under the influence . . . ." Baez-Rosario's 1925(b) Statement at 1. The trial court issued a 1925(b) Opinion explaining there was sufficient evidence to convict Baez-Rosario. **See** Trial Court Opinion, 10/8/24.

After choosing self-representation, Baez-Rosario abandoned the issue he raised in his 1925(b) statement.[2] Instead, he now contends to this Court that his:

> defense counsel was ineffective for failing to request a spoilation-or-destruction-of-evidence instruction, thereby denying [Baez-Rosario] a fair trial in accordance with fundamental norms of due process.

---

[2] During this appeal, Baez-Rosario stopped communicating with his attorney, so his attorney moved to withdraw. This Court granted the motion and remanded this case for the trial court to determine whether Baez-Rosario was knowingly and voluntarily waiving his right to counsel. The trial court found that his waiver of counsel was knowing and voluntary and returned the record to this Court. Baez-Rosario neglected to move to file a supplemental or amended 1925(b) statement with the trial court.

Baez-Rosario's Brief at 5 (unneeded capitalization removed).

The sole issue in Baez-Rosario's appellate brief does not appear in his 1925(b) statement. Therefore, he has waived his only claim of error. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (mandating that "from this date forward, in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

Furthermore, Baez-Rosario did not raise the claim of ineffective-assistance-of-counsel to the trial court in the first instance. Thus, he has also waived his issue under Pa.R.A.P. 302(a), which dictates that "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." **See also Trigg**, **supra**.

Baez-Rosario violated Pa.R.A.P. 1925(b), **Lord**, Pa.R.A.P. 302(a), and **Trigg** by neglecting to raise the claim of ineffectiveness below and by failing to include his appellate issue in his 1925(b) statement. Hence, we dismiss his sole appellate issue as waived in this direct appeal.

Even if Baez-Rosario did not waive his claim, we would dismiss the claim of ineffective assistance of counsel at this time, because generally those claims are not reviewable in a direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013). Instead, a petitioner should wait to raise claims of

ineffective assistance of trial counsel until collateral review under the Post-Conviction Relief Act. [3] *Id*.; 42 Pa. C.S.A. §§ 9541-9546.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/5/2025

---

[3] Our waiver/dismissal finding is not a judgment on the merits of Baez-Rosario's ineffectiveness claim. We simply defer a ruling on the merits for the appropriate time to raise such a claim.